Modified.

25 C.C.P.A.(Patents)

### NELSON v. WOLF et al.

### Patent Appeal No. 3968.

Court of Customs and Patent Appeals.
June 27, 1938.

Leslie W. Fricke, of Chicago, Ill., and William K. Nelson, pro se, for appellant.

Hauff & Warland, of New York City (Wm. E. Warland and N. L. Leek, both of New York City, of counsel), for appellees.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Examiner of Interferences awarding priority upon four counts (being all the counts) involved in an interference declared June 16, 1933, between a patent issued June 21, 1932, upon an application of appellant filed December 18, 1929, and an application of appellees filed May 4, 1929.

The subject matter consists of a composition product which is fairly illustrated by counts 1 and 4, reading as follows:

"1. A composition material of a cellular texture resulting from a mixture comprising water, an inorganic material having plastic properties and capable of setting in the presence of water as the major ingredient, a gas for forming bubbles in the mixture, and a substance selected from the group consisting of sulphonic acids of alkylated aromatic polynuclear hydro-carbons and salts thereof."

"4. A composition material of a cellular texture resulting from a mixture comprising water, an inorganic material having plastic properties and capable of setting in the presence of water as the major ingredient, a gas for forming bubbles in the mixture, and the sodium salt of isopropyl naphthalene sulphonic acid."

Certain of the issues are somewhat novel.

Appellees, according to their application and the oath thereto, are "citizens of the German Empire," and they rely for reduction to practice upon an application filed in Germany May 5, 1928, by a German company, their assignee. In the oath to the United States application, the German application is listed along with other applications stated to have been filed in various other foreign countries on dates ranging from July 26, 1928, to February 27, 1929. The oath states that "no application for patent on said improvement has been filed by them or their representatives or assigns in any country foreign to the United States," except those named in the oath.

It appears from the record that on April 5, 1928, an agent of the assignee of appellees filed an application in Great Britain which matured into a patent (Br. No. 315,205) "sealed October 3, 1929." This application was not included in the list above referred to, but it is claimed by Nelson that it was for the same invention, and this claim presents one of the issues in the instant proceeding.

Appellees took no testimony in the instant case but relied upon the application filed in Germany May 5, 1928. The tribunals of the Patent Office concurred in holding that they were entitled to rely upon that application, and this presents another of the issues in the case.

The preliminary statement of appellant claimed conception in the early part of March, 1928; written description and disclosure to others "on or about" January 20, 1929, and reduction to practice in "the latter part of January, 1929." He took testimony respecting these dates, but the tribunals of the Patent Office, except as to the date of conception, did not find it necessary to review such testimony, because of their holding that appellees were entitled to rely on their German filing date of May 5, 1928. As to the date of conception, it was held, we think correctly, no date prior to May 5, 1928, could be awarded appellant.

The issue respecting the British patent, No. 315,205, was raised by appellant by a motion to dissolve the interference on the ground that appellees were barred under section 4887, R.S., 35 U.S.C.A. § 32, from receiving a United States patent, the British application having been filed more than twelve months before the filing date of their United States application. This motion was denied in an interlocutory decision by the Examiner of Interferences, rendered Au-

gust 10, 1934, after motion to dismiss it had been overruled, first by an examiner and later by the commissioner upon petition presented to him. Following the interlocutory decision, which was based upon the holding that the British patent was for an invention different from the invention involved in the count of the interference, appellant' Nelson took testimony by way of rebuttal, such testimony being directed to an effort to show that the inventions were the same.

The final decision of the Examiner of Interferences was rendered February 28, 1936. In this, consideration was given to the rebuttal testimony of appellant and it was held that nothing was found therein "which would justify a holding contrary to that previously made."

In affirming the holding of the Examiner of Interferences respecting the British patent, the board said:

"* * * we think it is clear on mere inspection that that patent was directed to a process quite different from that disclosed by the applications here involved and the counts are not anticipated in terms or met in merits by that disclosure. The process involved in the British patent relates to making bricks in the true sense, in that they are fired at a temperature of 1150° C. This step of firing is definitely included as a requisite in each example and in each claim of the patent. Further, the combinations of the British patent do not at all satisfy the terms of the counts in that a mixture there disclosed as an example gives 100 parts of clay to 16 parts of cement, that is, a material capable of setting in the presence of water. We construe the expression, 'the major ingredient', to require that it be true cement or such material capable of setting in the presence of water. It is accordingly held that the British patent does not bar the allowance of claims corresponding to the counts to Wolf et al. Nelson's rebuttal testimony relates largely to some tests of the matter alleged to be disclosed in the British patent to show that that process is operative without a firing step of 1150° C. and with only a 'baking' temperature of 90° C. This showing is not regarded as relevant to the question since the process of the British patent taken either with or without firing at 1150° is not the same in principle or in details to that of the issue. Further, the exhibits produced at the 90° temperature are obviously too soft and friable to be of any practical use."

We have analyzed the British patent and examined the rebuttal testimony on behalf of appellant in the light of counsel's elaborate argument concerning it, with the result that we concur in the conclusion reached by the tribunals of the Patent Office relative to it, and we deem it unnecessary to add to the statement of the board just quoted.

The second question is whether appellees are entitled to rely upon the filing date of their German application. This, of course, involves the question of whether that application is for substantially the same invention as the invention described in the counts at issue.

It is noted that the claim of the German application is for a process while each of the counts here at issue is for a composition of matter. We take it to be well settled, as stated by the Examiner of Interferences, "that process and apparatus claims may define the same invention." Steinmetz v. Allen, 192 U.S. 543, 24 S.Ct. 416, 48 L.Ed. 555, cited by the Examiner of Interferences, is a leading case upon this point. The case of General Electric Co. v. Alexander, D.C., 277 F. 290, is also cited by the Examiner of Interferences. It was there held, in effect, that a foreign and a domestic patent might be for the same invention even though one claimed a process and the other a product, if, by following the process, the product would result.

Upon the general proposition that it is immaterial whether a foreign application claims the subject matter of counts so long as it clearly discloses such subject matter, the decision of this court in the case of Lorenz K. Braren v. George Horner, 47 F. 2d 358, 18 C.C.P.A. Patents 971, is apropos.

We do not understand appellant seriously to challenge the foregoing rules of law, nor do we understand him seriously to question the finding that by following the German process the product described in the counts would be obtained. On the contrary, we understand these matters to be conceded.

We agree with the board's comparison of the German application with the counts at issue, and deem it proper to quote therefrom:

"* * * we find on careful consideration of the disclosure in the German certified translated copy of the specification and comparison with the matter of the specification of the present Wolf et al. application that the two disclosures are substantially

the same in matters of merit and that the counts are supported by the German application. The German application clearly discloses the employment of cement or other hydraulic binding agents which satisfies the broad expression in the counts of a material having plastic properties and capable of setting in the presence of water. While the German application states that such cement may have materials added to it such as pumice stone, slag and the like, this is considered to be an optional feature in that it is only stated that such materials "may be" added. It is our opinion that one working in this art would be thus informed that a cement material might be used alone or with such fillers. We think this disclosure of the German patents satisfies the limitations in the counts that such cement material is, if desired, to constitute the major ingredient. The German application clearly discloses the addition of sulphonic acid compounds as a froth forming ingredient in association with gas for forming bubbles in the mixture. We are convinced that on the showing presented this German application discloses the subject matter of the counts and was filed in behalf of Wolf et al. within the requirements of Statute [Rev.St. §] 4887 [35 U.S.C.A. § 32]."

In view of our conclusion upon the foregoing questions, it is unnecessary further to consider the evidence offered on behalf of appellant respecting the dates claimed in his preliminary statement.

The decision of the Board of Appeals is affirmed.

Affirmed.